The opinion of the Court was delivered by
Hornblower, C. J.
This was a conviction under the act, entitled a “ Supplement to the act, entitled, an act for suppressing vice and immorality ” (Rev. Laws, 552.) and it must be reversed and set aside for several reasons:
1st. The proceeding and conviction is against three persons jointly; whereas the offences are several and distinct. It is true, the justice has imposed upon each of them the penalty of ten dollars and awarded costs against them separately; but the complaint was against them all, that they had wilfully and of purpose, disturbed the order and solemnity of the church, by laughing and talking during the time of service. So too, the justice issued a summons against them jointly, and entered up a joint conviction. He says “ I convicted them of the offence.” He has convicted them jointly of one single offence, and fined them separately as for three offences. This is clearly wrong. They should have been proceeded against separately, and if guilty, separately convicted.
2. The conviction itself is fatally defective both in form and substance. It is not in the form prescribed by the act for the suppression of vice and immorality; (Rev. Laws, 383. Seat. 15) nor am I quite satisfied that it was necessary for the justice in this case to adopt that form. The statute under which this proceeding was had, though a supplement to the former, and for some *97 purposes to be considered as a part of the same, does not direct the conviction to be entered np in the form prescribed in the original act. But if the justice was not bound to follow that form, yet he should have drawn up a record, containing and shewing upon the face of it, every thing necessary upon general principles to constitute a legal conviction. (1 Burn. Just. 398. The N. J. Just. 2d Edit. 203. Rex. v. Vipont. 2 Burr. 1163 )
The summons in this case was returnable on the 29th of December, but it does not appear by the record, on what day the justice proceeded to hear the complaint and to enter up the conviction. It does not state the evidence on which he convicted the defendants; but only says that the witness, was duly affirmed, he being conscientiously scrupulous of taking an oath : and though he convicts the defendants, he renders no judgment, against them. The cases above cited and others that might be mentioned, shew that in the absence of any prescribed form by statute, there must be a judgment as well as a conviction — that is, the justice must not only convict, but adjudge a forfeiture of the penalty annexed to the offence.
3d!y. Another and fatal objection is, that two of the defendants had no personal notice of the complaint or of the time and place appointed for their hearing; nor, so far as appears on the record, any notice whatever. The constable returned to the justice, as to two of the defendants, that he had served the summons on them by leaving copies at the places of their abode, with some free persons there.
In proceedings of this kind, the accused must be personally served with notice of the complaint, and of the time and place aud the magistrate before whom, he is to appear. It is not a proceeding in a court for the trial of small causes, and the provisions of the act constituting that court, have no influence in a case like this.
Some doubt was entertained by the member of this court, who made the allooatur, whether a Certiorari would lie in this case. By the 15th Sect, of the act for suppressing immorality, it is enacted that the conviction directed by that act, shall not be liable to be removed by Certiorari into the Supreme Court; but the supplement under which the present proceedings took place, contains no such prohibition, I am therefore of opinion, a Ger~ *98 tiorari does lie, and that the conviction in question must be quashed and for nothing holden.
Ford and Ryerson Justices, concurred.

Conviction quashed.

Cited in Keeler v. Milledge, 4 Zab. 146; Buck v. Danzenbacker, 8 Vr. 362.