STATE OF CONNECTICUT *v.* FRANK MCCARTHY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 5—decided April 20, 1943.

Charles R. Covert, public defender, with whom was Johnson Stoddard, for the appellant (defendant).

Otto J. Saur, assistant state's attorney, with whom, on the brief, was Lorin W. Willis, state's attorney, for the appellee (state).

JENNINGS, J. The defendant was informed against for the robbery with violence of Russell Rotko on October 25, 1941; Gustave Nemeth was informed against on three counts, one for the same robbery of Rotko, the other two for the robbery of Timothy Ahern and the theft of an automobile belonging to Harry Clements, both on October 18, 1941; Lawrence D. Howley was charged on three counts, with the robbery of Ahern, the theft of the Clements car, and the kidnapping of Wallace Allen on October 30, 1941; Bruno Lubas was charged with all the foregoing offenses. On January 6, 1942, the defendant Frank McCarthy, Nemeth and Howley, who were represented by the public defender, pleaded not guilty and elected a jury trial. Lubas, represented by private counsel, pleaded guilty. The defendant, Nemeth and Howley, later but seasonably, made motions for separate trials which were denied. They were all tried together and convicted, and the defendant has appealed, claiming in substance that he was entitled to a separate trial.

The defendant concedes that the English rule that persons separately indicted (informed against) cannot be tried together (*Rex* v. *Crane*, [1920] 3 K.B. 236; *Rex* v. *Dennis*, [1924] 1 K.B. 867) does not apply here and that joint indictments and separate indictments which can be consolidated should be treated alike. He claims, however, that the trial of Howley and Nemeth at the same time with him, although charged with different crimes, violated his basic right to a fair trial or was, at least, an abuse of discretion.

The general rule governing separate trials where there is a joint indictment or information is stated as follows in *State* v. *Brauneis*, 84 Conn. 222, 226, 79 Atl. 70: "Whether a separate trial shall be allowed to parties jointly indicted is within the discretion of the court. Ordinarily justice is better subserved where the parties are tried together. But cases arise where the defenses of the different parties are antagonistic, or where evidence will be introduced against one which will not be admissible against others. Where from the nature of the case it appears that a joint trial will probably be prejudicial to the rights of one or more of the parties, a separate trial should be granted when properly requested." Referring to this statement, in *State* v. *Castelli*, 92 Conn. 58, 63, 101 Atl. 476, it is said that: "The discretion of the court is necessarily exercised before the trial begins, and with reference to the situation as it then appears; and the phrase 'prejudicial to the rights of the parties,' means something more than that a joint trial will probably be less advantageous to the accused than separate trials. The controlling question is whether it appears that a joint trial will probably result in substantial injustice." This thought is further developed in *State* v. *Klein*, 97 Conn. 321, 323, 116 Atl. 596: "A motion for a separate trial is addressed to the sound discretion of the court, and

its decision will not be reversed unless there has been an abuse of judicial discretion. A separate trial will be ordered where the defenses of the accused are antagonistic, or where evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused." These quotations fully accord with the weight of authority. Note, 131 A.L.R. 917, and the previous notes referred to therein as well as the cases to which these notes are appended. These rules apply a fortiori to cases like the present where the state is seeking to try accused, separately informed against, together, for under such circumstances the burden of justifying this procedure is on the state rather than the accused.

The state relied principally on the testimony of Lubas. His story of the commission of these different crimes was lurid. Only a small portion of that testimony connected the defendant with the crime charged against him. He sat through the trial with the codefendants, listening, with the jury, to the tale of their misdeeds and subject to such prejudice as this atmosphere would naturally create. *People* v. *Hines*, 168 Misc. 453, 470, 6 N.Y.S. (2d) 15. The quantity and character of the evidence admitted against Nemeth and Howley but inadmissible against the defendant was such that no amount of care in the charge could have removed the resulting prejudice. "The rule everywhere enforced excludes not only evidence of another crime, but also evidence tending to degrade the accused, to prejudice the jury against him, to divert their minds from the real issue which they have to determine, or to persuade them by matters which they have no legal right to consider that the accused, for reasons other than those based upon legitimate evidence, was more likely to have committed the particu-

lar crime for which he is on trial." *State* v. *Ferrone*, 96 Conn. 160, 174, 113 Atl. 452. It goes without saying that the term "abuse of discretion" does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. *Norris* v. *Clinkscales*, 47 S.C. 488, 499, 25 S.E. 797.

The safer and fairer rule and one to which exception rarely, if ever, should be made is that persons charged with different, unconnected crimes should not be tried together. See *McElroy* v. *United States*, 164 U.S. 76, 17 Sup. Ct. 31; *De Luca* v. *United States*, 299 Fed. 741, 744; *Castellini* v. *United States*, 64 Fed. (2d) 636; *People* v. *O'Connor*, 81 Cal. App. 506, 515, 254 Pac. 630; *Suarez* v. *State*, 95 Fla. 42, 51, 115 So. 519; *Elliott* v. *State*, 26 Ala. 78; *Handlin* v. *State*, 16 N.J.L. 96; Abbott, Criminal Trial Practice (4th Ed.), § 164; 16 C.J. 782, § 2004; 23 C.J.S. 213.

It is true, as claimed by the state, that an abuse of discretion cannot be found if no information is furnished to the court as to the situation which the defendant claims will be prejudicial to him. *State* v. *Castelli*, supra, 63. Here, however, the full statement of the public defender when the motion was made, supported by the informations on file, was sufficient to disclose such a situation.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.