CHARLES E. SIMON *v.* CONNECTICUT STATE DEPARTMENT OF HEALTH

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 136026

Memorandum filed February 13, 1964

*Nathan Aaron,* of Hartford, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the defendant.

HOUSE, J. This is an appeal from an order of the state department of health which upon a recommendation from the state board of natureopathic examiners, pursuant to the provisions of § 20-46 of the General Statutes, suspended the license of the plaintiff to practice natureopathy for a period of eighteen months.

The appeal is based upon a very narrow ground, and only a brief factual background need be stated. The plaintiff was duly licensed to practice his profession. On March 5, 1963, in the Superior Court in Fairfield County, after a plea of not guilty and trial to the court, he was found guilty of two counts of attempt to procure miscarriage. General Statutes § 53-29. He was fined $500 on each count and on the first count was also sentenced to not less than one nor more than three years in the state prison, with execution suspended and two years' probation.

Pursuant to the provisions of § 20-46 of the General Statutes, by notice dated June 4, 1963, the plaintiff was notified to appear before the state board of natureopathic examiners on June 24, 1963, to answer to a charge preferred against him by the state department of health. A copy of the charge was annexed to the notice and alleged the conviction of the two offenses constituting crimes involving moral turpitude within the meaning of § 20-45 of the General Statutes. The officer's return on the notice discloses personal service on the plaintiff on June 10, 1963.

At the hearing on June 24, the plaintiff appeared with his counsel, who stated that he had "just been retained" by the plaintiff to represent him. Counsel stated that he would require two weeks time "to prepare the matter properly." He represented that he would arrange that the plaintiff's office be closed during such a continuance. After conferring in ex-

ecutive session, the board announced its decision on the request as follows: "Considering the request for continuance, the board has come to the conclusion that since the charge here was served on Dr. Simon on June 10th, he has had sufficient time to prepare a defense, and therefore the motion is denied."

Thereupon, despite the protest of counsel for the plaintiff, the board held its hearing. There was introduced in evidence the record of the conviction and sentence and a copy of the presentence investigation report prepared by the department of adult probation. The board also heard arguments of counsel and some limited testimony from the plaintiff as to a prior appearance before the board.

Subsequently, the board recommended the suspension of the plaintiff's license for eighteen months, and the order was accordingly entered by the department of health.

The plaintiff appeals from this order on the sole and very limited claim that the board acted illegally, arbitrarily and in abuse of its discretion in proceeding to a hearing on June 24 and not acceding to counsel's request for a continuance.

On an appeal from an administrative board, the sole function of the court is to determine whether or not the board acted illegally. The words "arbitrarily or in abuse of its discretion" merely point to certain aspects in which the illegality may subsist because the conduct of the board would be in violation of the powers granted to and duties imposed upon it. *Jaffe* v. *State Department of Health*, 135 Conn. 339, 353; *Gibson* v. *Connecticut Medical Examining Board*, 141 Conn. 218, 221; *Paley* v. *Connecticut Medical Examining Board*, 142 Conn. 522, 528.

This court cannot substitute its discretion for that vested by statute in the administrative agency, nor can that discretion be considered "abused" in the case of such a ruling as that questioned here unless the ruling appears to have been made on untenable grounds. *State* v. *McCarthy,* 130 Conn. 101, 105. That is not the situation here.

The plaintiff was convicted on March 5. The statutes provide (§ 20-45) that a license to practice the healing arts may be revoked or suspended for conviction of any crime involving moral turpitude or of any infamous crime. It can hardly have come as any surprise to the plaintiff to be summoned to a hearing to determine whether his license should be revoked or suspended upon conviction of the offenses involved. The record discloses that he had two weeks' notice of the time and place of the hearing—which was more than three months after the conviction. Under these circumstances, this court cannot hold as a matter of law that the board abused its discretion in proceeding with the hearing as scheduled, particularly in view of the gravity of the offenses and the conviction in the Superior Court.

The appeal is dismissed.