STATE OF CONNECTICUT *v.* WAYNE A. VARRICCHIO

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 12, 1978—decision released January 16, 1979

*Igor I. Sikorsky, Jr.,* with whom, on the brief, was *Greig R. Siedor,* for the appellant (defendant).

*Abbot B. Schwebel,* assistant state's attorney, for the appellee (state).

LOISELLE, J. The defendant in the present case and his codefendant, Anthony J. Wilkinson, Jr., were convicted of misconduct with a motor vehicle[1] as a result of a head-on collision in which a third person was killed.

From the evidence presented the jury could have found that Varricchio and Wilkinson had agreed to a street race along the main highway in Ellington. Varricchio was driving a pickup truck. Wilkinson was operating a van. Varricchio lined up next to Wilkinson in the left lane of a two-lane highway. The vehicles accelerated rapidly and traveled together for about fifty feet. Wilkinson pulled ahead. Varricchio ducked back into the right lane. He then followed Wilkinson. Both were traveling at high speeds. Wilkinson reached the intersection first. Varricchio crossed into the eastbound lane to avoid hitting the rear of Wilkinson's van and hit head on a car driven by James L. Daigle, who was traveling eastbound. Daigle subsequently died as a result of injuries sustained in the collision.

Both Varricchio and Wilkinson have appealed from their convictions. Because they have raised different claims of error, we are treating their appeals separately.[2]

---

[1] "[General Statutes] Sec. 53a-57. MISCONDUCT WITH A MOTOR VEHICLE: CLASS D FELONY. (a) A person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle or in consequence of his intoxication while operating a motor vehicle, he causes the death of another person. For the purposes of this section, 'intoxication' shall include intoxication by alcohol or by drug or both."

[2] For further factual discussion, see *State* v. *Wilkinson,* 176 Conn. 451, 408 A.2d 232.

Varricchio's first assertion of error is that the court did not on its own motion order separate trials. Varricchio was tried for misconduct with a motor vehicle along with Wilkinson (see *State* v. *Wilkinson,* 176 Conn. 451, 408 A.2d 232), with whom he was racing at the time of the accident. Varricchio's counsel admitted at oral argument and in his brief that the defendant never made a motion for a separate trial. Despite this omission, it is the defendant's contention that on the facts available to the court prior to trial and developed during the trial, the court was obligated to order sua sponte that the defendants be tried separately.

Joint trials of persons jointly indicted or informed against are the rule, and separate trials the exception resting in the discretion of the court. *State* v. *Castelli,* 92 Conn. 58, 65, 101 A. 476. Section 532 of the 1963 Practice Book[3] required joint trials of two or more persons being tried for the same offense unless good cause existed for severance of the trials. There is no affirmative duty on the part of the court to move for separate trials. A separate trial will be ordered where the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the

---

[3] "[Practice Book, 1963] Sec. 532. JOINDER; SEPARATE TRIAL. All persons prosecuted for any offense committed by two or more persons shall, unless good cause shall exist for proceeding otherwise, be joined in the same complaint. Nothing contained in this section shall be construed to limit the power of the court to order a separate trial for any person charged jointly with another or for any offense charged with other offenses in the same complaint. The word complaint as used in this section shall include all forms of criminal prosecutions."

accused. The test for the trial court is whether substantial injustice is likely to result unless a separate trial be accorded. *State* v. *McLucas,* 172 *Conn.* 542, 559, 375 A.2d 1014, cert. denied, 434 U.S. 855, 98 S. Ct. 174, 54 L. Ed. 2d 126; *State* v. *Holup,* 167 Conn. 240, 245, 355 A.2d 119; *State* v. *Klein,* 97 Conn. 321, 324, 116 A. 596; *State* v. *Castelli,* 92 Conn. 58, 101 A. 476; *State* v. *Brauneis,* 84 Conn. 222, 226, 79 A. 70.

"[T]he phrase 'prejudicial to the rights of the parties' means something more than that a joint trial will probably be less advantageous to the accused than separate trials." *State* v. *McCarthy,* 130 Conn. 101, 103, 31 A.2d 921.

A motion to sever is addressed to the sound discretion of the court. *State* v. *Holup,* supra, 244; *State* v. *Klein,* supra, 323. The motion should be made prior to commencement of the trial; *State* v. *McCarthy,* supra, 103; *State* v. *Brauneis,* supra, 226; and it is the party's responsibility to present information to the court from which it can determine whether the defenses are going to be antagonistic or the evidence will unduly prejudice either or both defendants. *State* v. *Klein,* supra, 323. "The discretion of the court is necessarily exercised before the trial begins, and with reference to the situation as it then appears." *State* v. *Castelli,* supra, 63. "[T]he character of the evidence and its effect upon the defense intended to be made should be stated, so that the court may be in a position to determine the probability of substantial injustice being done to the moving party from a joint trial." *State* v. *Castelli,* supra, 63.

The defendant never made a motion to sever.[4] "[A]n abuse of discretion cannot be found if no information is furnished to the court as to the situation which the defendant claims will be prejudicial to him." *State* v. *McCarthy,* supra, 105; *State* v. *Hunt,* 154 Conn. 517, 522, 227 A.2d 69; annot., 59 A.L.R.2d 841, 847. Varricchio never explained in his brief or at oral argument why he did not make the motion, nor did he assert that he was surprised by the evidence or defense presented by his codefendant.

Varricchio claims that the transcript is replete with examples of the antagonistic nature of his codefendant's defenses. Because it was a joint trial, he contends that the state was able to conduct direct examination of its witnesses and then sit back and watch each defendant, through the powerful tool of cross-examination (which would not ordinarily be available to the state in a single trial), seek to shift blame for the accident to his fellow defendant.

On the basis of the record, it is apparent that the failure of counsel to ask for a separate trial was a considered and sound exercise of trial strategy calculated to be in the best interests of the accused. The only proper assumption is that he was fully familiar with our law regarding the right of an accused to request a separate trial and that the granting of such a request lay in the court's discretion in the light of the situation presented to it. Moreover, the defenses of Varricchio and Wilkinson were neither antagonistic nor contradictory. Varricchio maintained that he had agreed to a "burn out,"[5] but never intended to race. The codefendant

---

[4] The codefendant Wilkinson made a motion for separate trials, but withdrew it prior to the commencement of trial.

[5] A contest to see who could start and take off faster.

Wilkinson, who did not take the stand, did not try to rebut the evidence showing an agreement to race, but rather attempted to show that he had abandoned the race before the collision occurred.

The defendant has not pointed to any evidence in the record that would have been inadmissible if the trials had been severed. Nor has he shown any inculpatory statements about him that the state was able to bring in by virtue of the joint trials. Under the circumstances no prejudice has been shown to have resulted to Varricchio from a joint trial.

Varricchio presses as his second claim of error the trial court's refusal, on the ground of relevancy, to accept testimony on whether the defendant could have avoided the accident. On cross-examination of the state's witness Richard Grant, Varricchio's counsel sought to determine the witness' opinion as to whether it was possible for the defendant to turn right to avoid hitting the van. The state objected on the ground that the evidence sought was irrelevant.

It is well established in Connecticut that courts have wide discretion in ruling on the relevancy of evidence. *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639. At times the evidence offered may be relevant, but its relevance may be so slight and inconsequential that to admit it would distract attention which should be concentrated on other evidence which bears directly on the vital issues of the case. *State* v. *Mahmood,* 158 Conn. 536, 540, 265 A.2d 83; *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473. According to the colloquy which was referred to in the defendant's brief, it appears that the defendant was eliciting this testimony from a lay witness with the idea of proving the defendant's state of mind.

He wanted to establish that the defendant acted as a reasonably prudent person under the alternatives presented to him at the time of impact. Counsel acknowledged that he raised the issue of the defendant's state of mind as a defense to criminal negligence only.[6]

In *State* v. *Alterio,* 154 Conn. 23, 220 A.2d 451, it was held that simple negligence-type defenses were not relevant to the charge of misconduct with a motor vehicle. Therefore, the trial court did not abuse its discretion in ruling the witness' testimony irrelevant.

At oral argument, the defendant abandoned his other claims; consequently, they are not considered.

There is no error.

In this opinion the other judges concurred.

---

[6] "Yes, Your Honor, but the issue before this court is not whether or not it is negligence. I could stipulate it is negligent, but it wouldn't meet the issue of this case, Your Honor, that is, whether it is criminally negligent, whether it is negligent to such a degree—"