After a trial to a jury, the defendant was convicted of the crime of assault in the first degree for violation of General Statutes 53a-59(a)(1). In his *Page 610 
appeal,[1] the defendant assigns as error (1) the trial judge's conduct toward the defendant's counsel; (2) certain evidentiary rulings; and (3) the trial judge's charge to the jury on the issue of self-defense.
The facts may be summarized as follows: The defendant and the victim, after having been introduced in a telephone conversation in 1980, had contact with each other mostly through letters. She saw him for a second time on January 6, 1982. After she had sexual relations with the defendant on that date, a disagreement ensued between them regarding their future plans and overall relationship. Thereafter, the defendant allegedly attacked the victim with a knife, inflicting stab and slash wounds to the victim's head, neck and hand. From early afternoon until the evening, the defendant drove the victim from Shelton to Ashford. In Ashford, the defendant told the victim to walk to a house and get assistance.
On February 7, 1982, the defendant was arrested and charged with kidnapping in the first degree and assault in the first degree. He was found guilty of the assault charge only and sentenced to a term of twelve years.
The defendant claims that the trial court's numerous interruptions, the chastisement of his counsel and the failure to permit his counsel to speak on the record deprived him of his right to a fair trial. We agree.
The function of the court in a criminal trial is to conduct a fair and impartial proceeding. Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680
(1942); State v. Bember, 183 Conn. 394, 401,439 A.2d 387 (1981); see also Wojculewicz v. Cummings,145 Conn. 11, 19, 138 A.2d 512, cert. denied, 356 U.S. 969, *Page 611 78 S.Ct. 1010, 2 L.Ed.2d 1075 (1958). The trial judge must avoid taking an apparent position of advocacy in the case before him. State v. Bember, supra, 402; State v. Echols, 170 Conn. 11, 13-14, 364 A.2d 225 (1975). Judges in this state, however, are given wide latitude to comment fairly and reasonably upon evidence received at trial, but the court must refrain from making improper remarks which are indicative of favor or condemnation, or which disparage a defendant before the jury. Id.; see also La Chase v. Sanders, 142 Conn. 122,125, 111 A.2d 690 (1955). Even though a judge may take all reasonable steps necessary for the orderly progress of the trial, he must always be cautious and circumspect in his language and conduct. Cameron v. Cameron, 187 Conn. 163, 169, 444 A.2d 915 (1982).
It is evident from a review of the transcript that a departure from these standards occurred in the trial court. On cross-examination of the victim, the trial judge interrupted counsel for the defendant on many occasions.[2] Where, as in the present case, much of the *Page 612 
evidence of the commission of a crime is based upon the testimony of the complainant, the court must allow the defendant a broad latitude on cross-examination. Any undue interference may seriously curtail the legitimate and proper defense of the accused. State v. Gionfriddo, 154 Conn. 90, 96, 221 A.2d 851 (1966). The repeated interruptions and rebukes of counsel by the trial judge prejudiced the defendant's case, thereby denying him a fair trial. Id., 97. *Page 613 
In addition, the judge made prejudicial statements to the jury, embarrassed counsel and denied counsel the right to speak on the record.[3] We find that the court's *Page 614 
remarks and conduct far exceeded the permissible bounds of a judge's function during a trial. The defendant's trial was not a fair one since it was not conducted *Page 615 
in all material things in substantial conformity to law, before an impartial judge and an unprejudiced jury in the atmosphere of judicial calm. See Wojculewicz v. Cummings, supra. We therefore conclude that the trial court's conduct constituted reversible error. Since the defendant must be afforded a new trial, his other claims of error will be reviewed by us.
 II
The second issue raised by the defendant concerns the admission of certain evidence: the color photographs of the victim's head, the tracking-dog evidence and the testimony of a physician based on a hypothetical question.
 A
The trial court, over objections by the defendant, admitted into evidence several photographs of the head of the victim in the emergency room of the hospital. The defendant argues that this evidence should have been excluded because the trooper who took the pictures could not distinguish between blood and disinfectant and, therefore, the photos were not a true representation of the victim's condition.
"The great weight of authority is that photographs, even though gruesome, are admissible in evidence when otherwise properly admitted if they have a reasonable tendency to prove or disprove a material fact in issue or shed some light upon some material inquiry . . . A photograph, the tendency of which may be to prejudice the jury, may be admitted in evidence if, in the sound discretion of the court, its value as evidence outweighs its possible prejudicial effect." State v. Haskins,188 Conn. 432, 452-53, 450 A.2d 828 (1982); State v. LaBreck, 159 Conn. 346, 351, 269 A.2d 74 (1970).
The state offered the evidence to show the nature, location and extent of the injuries and to give the jury *Page 616 
the best evidence available that this was a serious physical injury[4] rather than merely a physical injury. The prosecution, with its burden of establishing guilt beyond a reasonable doubt, must be given the right to prove every essential element of the crime by the most convincing evidence it is able to produce. State v. Bember,183 Conn. 394, 408, 439 A.2d 387 (1981); State v. Piskorski, 177 Conn. 677, 701-702, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194
(1979). The trial court exercises a broad discretion in admitting such evidence, and its determination will not be disturbed on appeal unless a clear abuse of that discretion is shown. State v. Piskorski, supra. Such abuse has not been demonstrated here.
 B
The court, in State v. Wilson, 180 Conn. 481, 489,429 A.2d 931 (1980), set forth a four part test which must be shown as a condition precedent to the admissibility of tracking-dog evidence: (1) that the handler was qualified to use the dog; (2) that the dog was trained and accurate in tracking humans; (3) that the dog was placed on the trail where circumstances indicate the alleged party to have been; and (4) that the trail had not become so stale or contaminated as to be beyond the dog's competency to follow it. The testimony of the Connecticut state police canine handler was offered to prove the probable location of where the victim was dropped off in Ashford and the path that she took leading to the residence which offered her assistance. In light of the state's offer of proof as to the qualifications of the canine handler and the trained dog, the circumstances surrounding the tracking of the victim's scent and the time the tracking took place, we cannot say that the trial court abused its discretion in admitting this evidence. *Page 617 
 C
The defendant further argues that the testimony of physician Hubert S. Bush, Jr., based on a hypothetical question could easily have prejudiced the jury. The question posed to Bush asked whether the victim if left unattended for three to four hours would have bled to death. Bush responded that, "[t]he patient could have fainted and she could have bled further and she might have died from the bleeding."
The admissibility of a hypothetical question calls for the exercise of sound discretion as to whether the question, even though it does not contain all of the facts in evidence, presents the facts in such a manner that they bear a true and fair relationship to each other and to the whole evidence in the case, whether it is not so worded as to be likely to mislead or confuse the jury and, further, whether it is not so lacking as to be without value in the decision of the case. Healy v. White,173 Conn. 438, 446-47, 378 A.2d 540 (1977).
The question did not ask Bush to reach a conclusion on the basis of a misleading presentation of the facts. It merely asked him to project the results of a hypothetical situation. We thus conclude that the trial court did not abuse its discretion in admitting the testimony.
 D
The defendant contends that the trial court abused its discretion in refusing to admit certain letters and photos sent by the victim to the defendant as relevant to the victim's motive, bias and prejudice. The question of relevance is to be determined in each criminal case in accordance with reason and judicial experience, and requires the exercise of the court's discretion. State v. Giguere, 184 Conn. 400, 405-406, 439 A.2d 1040
(1981); State v. Gold, 180 Conn. 619, 646, 431 A.2d 501, *Page 618 
cert. denied, 449 U.S. 920, 101 S.Ct. 320,66 L.Ed.2d 148 (1980); State v. Wilson, 178 Conn. 427, 437,423 A.2d 72 (1979). Reversal of the court's ruling is required only where an abuse of discretion is manifest or where injustice appears to have been done. State v. Tedesco,175 Conn. 279, 291, 397 A.2d 1352 (1978).
After an examination of the letters and photographs offered by the defendant, the trial court concluded that they added nothing relevant to the victim's testimony regarding her relationship with the defendant of which the jury was not aware. It is well within the discretion of the trial court to exclude evidence if its relevance is so slight and inconsequential that to admit it would distract attention which should be concentrated on other evidence which bears directly on the vital issues in the case. State v. Gaynor, 182 Conn. 501, 511,438 A.2d 749 (1980); State v. Varricchio, 176 Conn. 445,450, 408 A.2d 239 (1979). We hold that the trial court did not err in excluding the evidence.
 III
The final claim pursued by the defendant is that the trial court erred in its charge to the jury on the issue of self-defense. Specifically, the defendant argues (1) that the jury was not instructed that the state had to disprove self-defense beyond a reasonable doubt; (2) that the court never attempted to apply any of the conflicting facts to the law in its instructions; and (3) that the court erroneously emphasized a doctor's opinion that the victim's injuries were serious.
 A
The record before us, when viewed in a light most favorable to the defendant's claim, fails to demonstrate that sufficient evidence was presented at trial to require a jury instruction on the defense of self-defense under *Page 619 
General Statutes 53a-19.[5] The defendant never claimed to have used the knife against the victim in order to defend himself or that deadly force was necessary for him to retreat from her in complete safety. See General Statutes 53a-19. The state's burden of disproving the defense beyond a reasonable doubt does not attach until the defense is raised at trial. State v. Cassino, 188 Conn. 237, 243-44, 449 A.2d 154 (1982). Because there was not sufficient evidence submitted by the defendant to warrant an instruction on self-defense, the trial court did not err in refusing to 80 instruct. *Page 620 
 B
The degree to which reference to the evidence may be called for in the jury charge lies largely in the discretion of the court. State v. Sumner, 178 Conn. 163,171, 422 A.2d 299 (1979); State v. Cari, 163 Conn. 174,182, 303 A.2d 7 (1972). In its instructions, the court applied the law to the evidence where it deemed necessary. It stressed that "[t]he accused relies on you to consider carefully his claims to evaluate carefully all the evidence and to render a verdict of not guilty if the facts and the law require such a verdict." Repeatedly, the court charged that the state has the burden of proving each and every element of the crimes charged beyond a reasonable doubt, and that it was the jury's recollection, and not that of the court's which controlled. A review of the court's comments on the evidence in the instructions indicate that the charge was correct in the law, adapted to the factual issues, and sufficient to guide the jury in reaching a verdict. The trial court, therefore, did not err in declining to recite the evidence in more detail. See State v. Sumner, supra.
 C
The defendant lastly claims that the court in its jury instructions unfairly emphasized the testimony of a doctor as to the seriousness of the victim's injuries. It is well settled that the trial court may, in its discretion, call the attention of the jury to the evidence on any point in issue and comment on the weight of the evidence. State v. Hines, 187 Conn. 199, 210,445 A.2d 314 (1982); State v. DeMatteo, 186 Conn. 696, 705,443 A.2d 915 (1982). It may comment on the evidence as long as the court does not advise or direct the jury how to decide the case. Id. The court also included in its instructions that expert opinion testimony by the doctor *Page 621 
must be scrutinized for its reliability. We do not find that the trial court abused its discretion regarding the doctor's opinion.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion the other judges concurred.