Arthur Nathaniel **TURMAN**, Willie Franklin **Howard**, Appellants,

v.

**UNITED STATES**, Appellee.

Nos. 87–452, 87–453.

District of Columbia Court of Appeals.

Argued Feb. 9, 1989.

Decided March 30, 1989.

Borge Varmer, appointed by this court, for appellant Turman.

Beth Goodman, Washington, D.C., appointed by this court, for appellant Howard.

Kathleen Brandon, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief for appellee.

Before FERREN and BELSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellants, each found guilty after a bench trial of one count of sexual solicita-

tion,[1] now assert two grounds for reversal: (1) there was insufficient evidence adduced at trial to support their convictions, and (2) the trial judge erred in crediting the testimony of the arresting officer in part based on his familiarity with the officer's credibility in other cases. We agree with appellants' last contention, and reverse.[2]

On the evening of February 26, 1987, appellants brought their car to a stop on the north side of the 1200 block of S Street, Northwest, across the street from where Officer Jones, a member of the Morals Division of the Metropolitan Police Department, was working undercover as a prostitute. Officer Jones testified that appellant Turman engaged her in conversation, and asked how much for "around the world."[3] According to the officer, the following colloquy ensued:

HOWARD: Is $70 too much?

OFFICER: What you got?

HOWARD: Come over here. What about $20—$20 each for around the world?

OFFICER: Okay.

TURMAN: Twenty dollars each for around the world.

OFFICER: Okay. Where do you live?

HOWARD: We can't take you around our women.

At that point the officer identified herself and appellants were placed under arrest.

At trial, appellants moved for a judgment of acquittal at the close of the government's case based primarily on the fact that Officer Jones had to refresh her memory from the PD-163 arrest report before she could testify as to the events that transpired on the night of February 26. In response to the motion, the trial court stated:

[Counsel] ... Officer ... Jones has testified before me in this type of case several times just as she has probably testified before all our judges in this court several, several times, and she's the most credible and most reliable witness in all the cases that she has ever testified in before me.

Later, in response to a renewed motion for judgment of acquittal, the court stated:

Officer ... Jones has testified before me several times as a person of great credibility and, indeed, she is, and the testimony in this court by [appellants] corroborates the fact that indeed she is a person of great credibility, because to a very, very large measure each of them corroborated her testimony.... So it is clear ... that they corroborate substantially the testimony of Officer Jones. And so indeed the court believes her....

■■■■ We conclude that it was error for the trial court to rely on its assessment of the testimony in earlier cases in determining whether she was a credible witness. There is nothing inherently improper about a judge deciding the credibility of a witness who has previously appeared before that judge—an event that occurs with some frequency in the Superior Court. But just as a jury may only decide a case based on the facts properly presented to it during trial, *see Searcy v. Justice*, 20 N.C.App. 559, 563–64, 202 S.E.2d 314, 317 (1974), *cert. denied*, 285 N.C. 235, 204 S.E.2d 25 (1974); Criminal Jury Instructions for the District of Columbia, Nos. 1.02, 2.04 (3d ed. 1978), so too must a judge, sitting as the trier-of-fact, base his or her determinations solely on the evidence presented in the case at bar. Thus, it was inappropriate for the court to base its determination on its evaluation of the officer's credibility in other cases.

---

1. D.C.Code § 22–2701 (1988 Supp.).

2. Viewing the evidence in the light most favorable to the government, *Glascoe v. United States*, 514 A.2d 455, 457 (D.C.1986), we view the evidence as sufficient so that a jury could find guilt beyond a reasonable doubt. *See McClain v. United States*, 460 A.2d 562, 567 (D.C.1983).

3. Officer Jones, who has participated in hundreds of arrests, stated that she understood this term to mean the acts of fellatio and intercourse. In addition, counsel for appellant Howard indicated her familiarity with the term by stating that $70 seemed to be "a rather expensive amount for around the world."

It is apparent that the trial court did not rely solely on the officer's prior court appearances when it determined her to be a credible witness. Nevertheless, a trial court must always be cautious in its language and conduct. *See State v. Hardwick*, 1 Conn.App. 609, 611, 475 A.2d 315, 318, *appeal denied*, 193 Conn. 804, 476 A.2d 145 (1984). To announce to the parties that the court had previously gained a good impression of a witness' credibility, and then to proceed to weigh that witness' credibility in the case at bar without assuring the parties that the previous assessment would play no role in judging the pending case, created an appearance of partiality, if not an implication of actual partiality, which tainted the trial process. *See*

ABA CODE OF JUDICIAL CONDUCT Cannon 2 (1987); *cf. People v. Davis*, 97 Ill.2d 1, 22, 452 N.E.2d 525, 535, 72 Ill.Dec. 272, 282 (1983) (no error if judge states on record that he would not consider portion of statement as evidence against defendant).

Accordingly, we reverse and remand for a new trial.

*So ordered.*