### VICKI S. CURRY *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION (9488)

FOTI, FREEDMAN and SCHALLER, Js.

Argued September 13—decision released November 16, 1993

*James H. Lee,* for the appellant (plaintiff).

*Raymond J. Plouffe, Jr.,* for the appellee (defendant).

FOTI, J. This case was remanded from our Supreme Court, *Curry* v. *Burns,* 225 Conn. 782, 626 A.2d 719 (1993).

The plaintiff brought this action under General Statutes § 13a-144,[1] against the defendant commissioner of transportation, for injuries she sustained in a motor vehicle accident allegedly caused by a defective highway. The defendant denied that he had breached his statutory duty to maintain the highway, and also denied that the plaintiff had given proper notice as required by § 13a-144. The case was tried to a jury and a verdict was returned in favor of the defendant. The plaintiff filed a motion to set aside the verdict. The court denied the motion and rendered judgment for the defendant.

In this appeal, the plaintiff alleges that the trial court acted improperly with respect to the issue of statutory notice in that it (1) quashed two subpoenas, (2) redacted the statutory notice given by the plaintiff, and (3) failed to instruct the jury as requested. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On March 14, 1984, at about 5:30 a.m., the plaintiff was operating a tractor trailer eastbound in the center lane of Interstate 95 between exits four and five in Greenwich when her vehicle hit a pothole. The plain-

---

[1] General Statutes § 13a-144 provides in pertinent part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in the case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, *nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . .*" (Emphasis added.)

tiff's vehicle collided with an automobile attempting to pass her on the left. As a result of the collision, she sustained personal injuries.

## I

The plaintiff first alleges that the trial court improperly quashed two subpoenas duces tecum issued on her behalf. The first was directed to the "District 3 Director of Maintenance Department of Transportation, of 140 Pond Lily Avenue, New Haven, State of Connecticut" (DOT). The plaintiff, through an offer of proof with respect to the relevancy of the materials sought to be discovered, indicated that the material solicited by the DOT subpoena was intended to show that subsequent remedial repairs to the defect had been made, thereby demonstrating that the notice given by the plaintiff was adequate. The defendant moved to quash this subpoena on the grounds that the person named on the subpoena did not exist, and that evidence of subsequent repairs is inadmissible in a highway defect matter.

The court granted the defendant's motions to quash both subpoenas, indicating that the jury must decide the sufficiency of the notice from the face of the notice, and further that the subpoena served on the "District 3 Director of Maintenance" was not issued for an existing person.

"Our analysis of . . . challenges to the evidentiary rulings of the trial court is guided by a well settled standard of review. 'It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion.' *Hall* v. *Burns,* 213 Conn. 446, 451, 569 A.2d 10 (1990)." *Heritage Village Master Assn., Inc.* v. *Heritage Village Water Co.,* 30 Conn. App. 693, 700, 622 A.2d 578 (1993). Trial courts have

wide discretion in ruling on the relevancy of evidence. *State* v. *Varricchio,* 176 Conn. 445, 450, 408 A.2d 239 (1979). In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling. *State* v. *Weidenhof,* 205 Conn. 262, 278, 533 A.2d 545 (1987).

The state highway notice requirement under General Statutes § 13a-144 must be strictly construed. *Bresnan* v. *Frankel,* 224 Conn. 23, 26 n.3, 615 A.2d 1040 (1992); see also *Pratt* v. *Old Saybrook,* 225 Conn. 177, 183, 621 A.2d 1322 (1993). By its actions, it is clear that the trial court found the notice to be adequate as a matter of law and allowed the jury to decide the sufficiency of the notice.[2] The sufficiency of the notice is tested with reference to its purpose. *Warkentin* v. *Burns,* 223 Conn. 14, 18, 610 A.2d 1287 (1992). The purpose is to furnish the commissioner with such precise information as to the time and place of an accident or defect as will enable an intelligent inquiry into the facts of the matter, and to protect the state's interests. *Bresnan* v. *Frankel,* supra, 26.

We agree that the general rule is that evidence of subsequent repair is not admissible on the issues of negligence, causation, or the existence of a defect. *Hall* v. *Burns,* supra, 456–65. We also agree that evidence of remedial repairs may not be presented to the jurors for the purpose of aiding them in determining the sufficiency of the notice. *Murray* v. *Commissioner of Transportation,* 31 Conn. App. 752, 756, 626 A.2d 1328

---

[2] "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Internal quotation marks omitted.) *Bresnan* v. *Frankel,* 224 Conn. 23, 28, 615 A.2d 1040 (1992). It would be "inappropriate to have the jury decide the sufficiency of the notice provided the commissioner when the notice was inadequate as a matter of law." Id.

The defendant asks that, as an alternative ground for affirming the judgment, we conclude that the notice was defective as a matter of law.

(1993). The plaintiff argues that if the remedial repair was made, then it follows that the notice was adequate. We do not agree. Subsequent remedial measures may have been performed in the regular course of business and not as a result of the notice. The repair and notice may be totally unconnected. We cannot conclude that the trial court abused its discretion in granting the motion to quash the subpoena.

Further, the court's action as to the DOT subpoena was proper for another reason. The plaintiff concedes that there is no such person as the "District 3 Director of Maintenance." We also conclude, therefore, that the trial court acted properly in quashing the subpoena because it was not in compliance with General Statutes § 52-143.[3]

The second subpoena was directed to the claims manager of the Aetna Casualty and Surety Company (Aetna). The plaintiff indicated that material solicited by the Aetna subpoena was intended to establish notice. The plaintiff argued that since Aetna investigated the claim, it must have found the pothole. Since it found the pothole, "it follows that the notice served as a reasonable guide, and therefore, met that standard of adequacy."

We conclude that the trial court reasonably exercised its discretion in excluding evidence that the plaintiff attempted to gain through the Aetna subpoena. The sole issue to be determined by the jury was whether the notice afforded a reasonable guide to the commissioner in the conduct of his inquiries. The material sought by the plaintiff involved insurance, a new and collateral issue. Its introduction could only have impeded the jury in its deliberations.

---

[3] General Statutes § 52-143 (a) provides in pertinent part: "The subpoena shall be served not less than eighteen hours prior to the time designated for the *person* summoned to appear, unless the court orders otherwise." (Emphasis added.)

Relevant evidence may be excluded if it has the potential to create prejudice or to raise a side issue that would unduly distract the jury from the main issue. *State* v. *DeMatteo,* 186 Conn. 696, 702, 443 A.2d 915 (1982). Relevant evidence may also be excluded if it tends to confuse the issues or mislead the jury. We cannot conclude that the trial court abused its discretion in sub silentio determining that the probative value of the evidence sought to be obtained by the Aetna subpoena was outweighed by its prejudicial impact. See *State* v. *Sharpe,* 195 Conn. 651, 660, 491 A.2d 345 (1985); *State* v. *Reid,* 193 Conn. 646, 656, 480 A.2d 463 (1984).

The material sought through the Aetna subpoena was also intended to establish that the notice was adequate because (1) it fulfilled its statutory purpose, (2) it was not misleading in any way, and (3) it may have assisted an "agent" of the commissioner in conducting inquiries. "Sufficiency of the notice is to be tested with reference to the purpose of the notice, i.e., that a claim is being made. *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 181, 99 A. 503 (1916)." *Warkentin* v. *Burns,* supra. The fact that someone may have actually investigated the claim is of no relevance to the sufficiency of the notice. As previously stated, the sole issue to be determined by the jury was whether the plaintiff's description of the location of the pothole was so inadequate that the defendant would not have been able readily to ascertain its location and to make an intelligent inquiry into the details of the accident. See *Ozmun* v. *Burns,* 18 Conn. App. 677, 680–81, 559 A.2d 1143 (1989). The trial court did not abuse its discretion in granting the defendant's motion to quash the subpoena.

## II

The plaintiff next claims that the court improperly redacted her written notice when it was submitted to

the jury.[4] When it was called to the plaintiff's attention after she had rested that the notice was not in evidence, the court offered to allow the plaintiff to reopen her case for the purpose of presenting evidence on that issue. While the defendant admitted to receiving the notice, he disputed its adequacy; he claimed it was technically insufficient as a statutory notice. The plaintiff

---

[4] The notice, prior to redaction, was as follows:

"J. William Burns
Commissioner of Transportation
24 Wolcott Hill Road
Wethersfield, Connecticut

"This will notify you, pursuant to section 13a-144 of the General Statutes, that Vicki S. Curry of 2107 Winwood Terrace, New Windsor, Maryland was injured in person and in property through the neglect or default of the state or its employees by means of a defective highway which it is the duty of the commissioner of transportation to keep in repair.

"On March 14, 1984, at or about 5:30 a.m. a large pothole existed in the eastbound center lane of the Connecticut Turnpike (I-95), east of Exit 4. Then and there, the right front tire of the tractor-trailer being operated by Mrs. Curry unavoidably struck the pothole; the force of the impact injured Mrs. Curry, disabled the steering mechanism of the truck, and deflected it leftward onto an overtaking automobile operated and occupied by Joseph N. Frassetto, of 21 Solow Lane, East Northport, New York. Mrs. Curry suffered a cut hand and a permanent injury to her neck, i.e., a cervical sprain resulting in a chronic muscle spasm of the neck and upper back, which will render it impossible ever for her to return to work as a truck driver and difficult to pursue many of life's activities without pain. As a result of his collision with Mrs. Curry's truck, Mr. Frassetto struck the door of his automobile with his left shoulder, aggravating a prior bursitis condition, and his automobile was deemed destroyed.

"These injuries were caused through the neglect or default of the state and its employees, by means of the defective highway, in the following particulars among others:

"1. The pothole came to exist by reason of inadequate regular maintenance of the roadway.

"2. The pothole was not filled or otherwise repaired when it was discovered.

"3. The state and its officers and employees failed to warn travellers of the existence and danger of the pothole, although it and they knew of its existence and know or should have known it was dangerous.

Vicki S. Curry<br>By . . . Her Attorney"

chose not to offer any additional evidence, and the parties attempted to agree on a redaction of the notice. The court, upon determining that no such agreement would be reached, advised both parties what would not be allowed, and the redacted notice was then submitted to the jury. The court indicated that the only relevant portions of the notice were those required by the statute. The plaintiff's counsel represented that he was in substantial agreement, but took an exception when the redacted notice was submitted.

The only issue raised by the defendant's denial of the adequacy of the plaintiff's notice was whether the description of the location of the defect "in the eastbound center lane of the Connecticut Turnpike (I-95), east of Exit 4"; see footnote 4; was sufficient. The final redacted notice submitted to the jury included all of the essential elements prescribed by the statute: written notice of the injury, a general description of that injury, the cause, the time and the place.

It is not disputed that the court exercised its discretion in allowing the written notice to go to the jury. Although the court ruled the notice admissible, it does not necessarily follow that everything in it is required to be admitted into evidence. *Hutchinson* v. *Plante,* 175 Conn. 1, 4, 392 A.2d 488 (1978); see *Suffield Bank* v. *Berman,* 25 Conn. App. 369, 374–75, 594 A.2d 493, cert. denied, 220 Conn. 913, 914, 597 A.2d 339, 340 (1991). The information in the document must be relevant to the issues being tried. *Maggi* v. *Mendillo,* 147 Conn. 663, 667, 165 A.2d 603 (1960).

The court in the present case exercised its discretion by redacting immaterial and prejudicial portions from the notice before submitting it to the jury. On its face, the notice "so manifestly demonstrates that it was prepared in anticipation of litigation that it would be an abuse of discretion for the trial court [to have failed

to redact]." *River Dock & Pile, Inc.* v. *O & G Indus-
tries, Inc.,* 219 Conn. 787, 806, 595 A.2d 839 (1991)
(*Borden, J.,* concurring in part, dissenting in part). Fur-
ther, if an abuse of discretion is claimed, it is the appel-
lant's burden to demonstrate the harmfulness of the
error. *State* v. *Crumble,* 24 Conn. App. 57, 69, 585 A.2d
1245, cert. denied, 218 Conn. 902, 588 A.2d 1077 (1991).
The plaintiff has failed to demonstrate the harmfulness
of the court's action in redacting the material.

## III

The plaintiff next claims that the trial court improp-
erly failed to instruct the jury as requested that the
sufficiency of the notice (1) was to be tested against
its purpose and (2) depended on the nature of the
obstruction.[5] The court instructed as requested,[6] but

---

[5] The plaintiff requested as follows:

"Purpose of Notice

"First, the notice is to be tested with reference to the purposes for which
it is required. The purpose of the requirement of notice is to furnish the
party against whom a claim is to be made such warning as would prompt
him to make such inquiries as he might deem necessary or prudent for the
preservation of his interests, and such information as would furnish him
a reasonable guide in the conduct of his inquiries, and in obtaining such
information as he might deem helpful for his protection. *Morico* v. *Cox,*
134 Conn. 218, 223 [56 A.2d 522] (1947). This requirement as to notice was
not devised as a means of placing difficulties in the path of an injured per-
son. The purpose was merely to furnish the commissioner with such infor-
mation as would enable him to make a timely investigation of the facts upon
which a claim for damages was being made. *LoRusso* v. *Hill,* 139 Conn.
554, 557 [95 A.2d 698] (1953).

"Sufficiency of Notice Depends on the Obstruction

"Second, in testing the sufficiency of a notice, it should be remembered
also that a general description of the location of a large, or well known
or long continued obstruction, or one with which the defendant is clearly
familiar, may be quite sufficient to meet the test, where it would not be
if these were not the facts. *Sizer* v. *Waterbury,* 113 Conn. 145, 158 [154
A. 639] (1931)."

[6] The court instructed the jury in pertinent part as follows:

"But at this point, I want to go into a discussion of the law which applies
to this type of action. This is—I want to inform you at the outset, this is
not in the ordinary sense of the word a negligence action. We are dealing

did not specifically include the words "the notice is to be tested with reference to the purpose for which it is required." The plaintiff argues that while the charge on the purpose was substantially correct, the instruction failed to instruct the jury that it should determine the adequacy of the notice by determining whether it had fulfilled the statutory purpose. We do not agree.

here with a quite different kind of action. There is an action to enforce against the commissioner of transportation of the state of Connecticut. A liability which is created solely by statute and would not exist but for the statute. If we didn't have this statute which allowed people to sue the commissioner of the state of Connecticut for alleged highway defects, we wouldn't be here in court today because there is no authority for it. You can't sue a state. At least you can't sue the state of Connecticut. I don't know about other states, unless there is some sanction for it. In Connecticut we have this statute which allows people to sue the commissioner of transportation of the state for any defects they claim which caused injuries or damages solely because the statute permits it. Were it not for the statute, as I said, the commissioner could not be held liable.

"So, I am going to read to you the portion of the statute that applies to this case. And it reads as follows: 'Any person injured in person or property through the neglect or the default of the State or any of its employees by means of any defective highway, bridge or sidewalk in the state highway system which it is the duty of the commissioner of transportation to keep and repair, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court of Connecticut.' And this is the Superior Court.

"As I have said, it is solely because of that statute the plaintiff has any standing to bring this type of action. And it is possible under the statute, which I have just read to you, that a person injured by reason of a defective highway may recover from the parties bound by law to keep it in repair. The statute provides certain things. Our statutes provide that no actions shall be maintained to recover for damages caused by a defective highway unless a written notice of the injury to person or property with a general description of it and of the cause there of, and of the time and place of its occurrence shall be given within ninety days thereafter to the commissioner of transportation of the state of Connecticut.

"As applied to this case, it is therefore required that the plaintiff, as a primary obligation, must give such notice as that described to the commissioner within the time specified. That is, within ninety days after the accident. I don't think there is any question of that. That was given within ninety days; that's not in dispute.

"The notice described by the statute comprehends five essential elements: (1) written notice of the injury, (2) a general description of that injury, (3) the cause, (4) the time, (5) the place.

The plaintiff concedes that a refusal to charge in the exact words of the request will not be considered improper if the requested charge is given in substance.

"Those are the five essential elements that must be included in that notice. Now, if you find after my discussion with you that the plaintiff has not complied with those five essential elements, that there is something lacking in the five essential elements which were in the notice that was given, either the general description of the injuries caused, the time, the place and so forth, then you must find that notice insufficient and your verdict must be for the defendant.

"Now, the purpose of the requirement of notice to the commissioner is to furnish him with such warning or notice as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of the interest of the state, and such information as would furnish him a reasonable guide in the conduct of such inquiries in obtaining such information as he might deem helpful for the protection of the state. So, you can see why the notice requires a general description of the injuries, the cause, the time, and the place. This is information which the commissioner should have in order for him to do what's necessary and furnish him a reasonable guide in inquiring and obtaining such information as might be helpful for the protection of the state; that's the reason for it.

"In other words, the purpose of the requirement of notice to the commissioner is that he, against whom suits for injuries are about to be instituted, should have such precise and specific information as to time and place as will enable him to inquire into the facts intelligently. To put it in another way, the notice can't be so indefinite as to fail to give the commissioner information which would allow him to conduct an inquiry for the purpose of protecting the state.

"Now, this notice,—with respect to the place, this notice says that on March 14, 1984, at or about 5:30 a.m., a large pothole existed in the eastbound center lane of the Connecticut Turnpike, I-95, east of exit 4. That's what the notice says with respect to the place where this incident occurred. Your job is to take that at face value and make a determination as to whether that is definite enough to give the commissioner of transportation of the state of Connecticut such information as would furnish him a reasonable guide in the conduct of his inquiries. Now, I charge you that if you should find that the notice served upon the state of Connecticut by the plaintiff, Vicki Curry, does not strictly conform to the requirements of the statute as to a general description of the injury, the cause, the time and the place, the plaintiff is not entitled to a verdict and you must find for the defendant. For as I have said, statutory notice is a condition precedent for bringing this action. However, if you should find that the notice filed by the plaintiff complies with the statutory requirements, then you must go further and next ask yourselves whether the plaintiffs have alleged the cause of action under the highway statute which I indicated is 13a-144."

We will not examine a portion of the charge in isolation from the overall charge. *Sullivan* v. *Norwalk,* 28 Conn. App. 449, 456, 612 A.2d 114 (1992). The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict. Id. "Instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues." *Tomczuk* v. *Alvarez,* 184 Conn. 182, 190, 439 A.2d 935 (1981).

In this case, the purpose of and the requirements for sufficient notice were explained in adequate terms. Looking at the instruction as a whole, the charge fairly covered the points of law raised in the plaintiff's request to charge. We conclude that the trial court properly discharged its duty to instruct the jury in a manner calculated to give a clear understanding of the issues presented for its consideration.

Finally, the plaintiff alleges that the trial court improperly refused to give a "missing witness" *Secondino* charge as requested.[7] The parties concede, and

---

[7] The plaintiff requested the following jury instruction:

"Missing Witness

"Finally, in this context, you would expect the commissioner to have investigated or to have attempted to investigate, the plaintiff's accident. His investigation, whoever they were, could have told you whether they took the plaintiff's notice and started looking for the pothole in Groton; or whether they were able to find it, and how easily; or whether they found more than one large pothole between Exit 4 and Exit 5. The commissioner has chosen not to put on any testimony about his investigation. Now, if you find that it was within the power of the commissioner to produce as witnesses those who investigated this accident for him, and that he would naturally have produced [them], then you are permitted to infer that their testimony would be unfavorable to his cause. 'A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce.' *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, [165 A.2d 598] (1960)."

we agree, that our disposition of the plaintiff's first claim makes it unnecessary to address this claim.

The judgment is affirmed.

In this opinion the other judges concurred.