**Juma E. HANDON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 93–CF–1000.**

District of Columbia Court of Appeals.

Submitted Oct. 25, 1994.
Decided Dec. 29, 1994.

---

Betty J. Clark, appointed by the court, Washington, DC, was on the brief for appellant.

Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., Eric L. Yaffe, and Linda I. Marks, Asst. U.S. Attys., Washington, DC, were on the brief for appellee.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and REILLY, Senior Judge.

PER CURIAM:

This appeal is from an order revoking probation and imposing a prison sentence of ten to thirty years. We find no error in the court's judgment revoking probation, but noting a crucial omission in the court's findings we remand the case to the sentencing judge for an express determination on the question of whether or not appellant would have benefited from continued Youth Rehabilitation Act, D.C.Code § 24–803(a) (1989), treatment.

On February 3, 1992, appellant entered a plea of guilty to one count of attempted unlawful distribution of cocaine. D.C.Code § 33–549 (1993). Notwithstanding that this offense is a felony, Judge Walton taking judicial notice that appellant was a high school student, a first offender, and repentant of his conduct imposed a sentence of a five-year probation period under the Youth Rehabilitation Act. The judge advised him that the conditions of probation required that he not be rearrested, not use illegal drugs, and complete his high school education.

About fifteen months later, appellant was arrested as a result of the discovery by police, acting under a search warrant, of a number of incriminating items in the bedroom usually occupied by him in his mother's apartment unit, viz., 20 ziplock bags containing a white powder called inositol (a cutting agent for heroin), a .45 caliber loaded pistol bearing a palm print (identified as matching appellant's) and a stun gun. Appellant was

indicted, and charged with unlawful possession with intent to distribute heroin, and unlawful possession of a pistol and ammunition. D.C.Code §§ 6–2311(a), and –2361(3) (1981). Before trial, a second chemical test revealed no heroin in the inositol contents of the bags. The government then dismissed the narcotic charges and proceeded to trial on the gun charge. A jury was unable to agree on a verdict and a mistrial was declared. The government entered a *nolle prosequi,* but in a hearing before Judge Walton presented evidence supporting revocation of probation, calling the officers who had executed the search warrant.

The defense was that appellant had moved out of his mother's apartment several months before the police raid and was living with a cousin. His counsel offered testimony by his mother and two other close relatives to this effect, as well as evidence that the mother permitted other persons to occupy appellant's bedroom occasionally after he had left. The government then presented rebuttal evidence, including testimony by a probation officer, that appellant on his required monthly visits repeatedly listed his mother's place as his residence, and that he was in the bedroom when the police returned at an early morning hour to arrest him. The government also read into the record a portion of appellant's trial testimony during which he admitted that the clothing, the stereo, and the shoebox where the gun was hidden—all found in the room when first searched—were his.

Judge Walton ruled that the evidence showed by a clear and convincing standard that appellant unlawfully possessed a gun while on probation and had loaded the weapon, relying upon an officer who testified regarding the palm print and by watching another officer clear the chamber. See discussion, *infra.* The court also credited government testimony indicating that appellant continuously resided with his mother. The court revoked probation and imposed a prison sentence.

Appellant urges four grounds for reversal: the trial court erred by (1) abrogating the role of the prosecutor by extensively examining a witness; (2) testifying as an expert witness about how the weapon was held; (3) making comments indicating appellant was selling drugs although the white powder was not a controlled substance; and (4) imposing a sentence of ten to thirty years. We find no merit in these assignments of error.

■ Appellant argues that the trial court erred when it asked a witness several questions which raised a new subject. As appellant never objected during trial, our review is under a plain error standard. *Golsun v. United States,* 592 A.2d 1054, 1060 (D.C. 1991). "[A] court may interrogate a witness in the aid of truth and furtherance of justice." *Womack v. United States,* 350 A.2d 381, 382–83 (D.C.1976). In our opinion, the trial court's questioning was an appropriate follow-up about a subject that the officer had testified about with regard to items seized from appellant's room. No error, let alone plain error, was committed.

■ Appellant asserts that the court in effect acted as an expert witness when it concluded that the location of appellant's palm print on the gun indicated that appellant had loaded the weapon. It is clear, however, that the court's conclusion rested on expert testimony of Officer Philips and the manner in which the deputy marshal cleared the gun in open court. "[J]ust as a jury may only decide a case based on the facts properly presented to it during trial, so too must a judge, sitting as the trier-of-fact, base his or her determinations solely on the evidence presented in the case at bar." *Turman v. United States,* 555 A.2d 1037, 1038 (D.C.1989) (citations omitted). Here the testimony presented to the court was more than sufficient to support the trial court's finding that appellant loaded the gun.

■ It is also argued that the court should not have concluded that appellant was still involved in drug trafficking because the substance found in the bags was not a forbidden drug. Although the court indicated that the items seized in appellant's room were "related to drug trafficking," its principal reason for revoking appellant's probation was that he was knowingly in possession of an unregistered, and loaded, firearm and was keeping it for his own use. In our opinion, the court

might well have deemed the combination of the inositol and the ziplock bags as drug paraphernalia, since all that needed to be done to place a large quantity of heroin packets in the hands of street vendors was to add small amounts of that narcotic to the contents of each of the containers. Thus any trier of fact could rationally infer that appellant in possession of such paraphernalia and also a handgun had not removed himself from the world of drug trafficking. It is well established that a trial court possesses " 'wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed.' " *Butler v. United States,* 379 A.2d 948, 950 (D.C.1977) (quoting *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)).

■ Finally, appellant contends that the court's sentence of ten to thirty years was disproportionate to the conviction of attempted distribution of cocaine. We do not "review on appeal sentences which are within statutory limits, upon the ground that such sentences are too severe." *In re L.J.,* 546 A.2d 429, 434 (D.C.1988). D.C.Code §§ 33–541(a)(2)(A), –549 (1981), allows a maximum sentence of "not more than 30 years." "When a trial court revokes probation ordered after suspension of sentence imposition, the court 'may impose any sentence which might have been imposed [at the time of original sentence].' " *Smith v. United States,* 597 A.2d 377, 383 (D.C.1991) (quoting D.C.Code § 24–104 (1989)).

■ Notwithstanding our rejection of these arguments, we feel compelled to send the case back for possible resentencing, as the transcript of the judge's findings reveals that he failed to conform to the procedure under the Youth Rehabilitation Act prescribed in the *Smith, supra,* decision.[1] 597 A.2d at 383. There we held that, under the YRA, the sentencing judge must make an explicit finding that the offender will not benefit from continued treatment under the

YRA before revoking probation and sentencing him as an adult.[2] We accordingly "remand[ed] the case for the trial court to determine whether appellant would have benefited from continued YRA treatment. If the court finds appellant would not have benefited, the judgment shall be deemed affirmed. If the court finds appellant would have benefited, appellant should be resentenced." *Id.* at 383.

We remand this case for the same exercise of discretion.

*So ordered.*

---

1. The government commendably points this fact out to us in its brief.

2. Of course, before the court places a youth offender on probation under the YRA, it must

first determine that he will derive benefit from its provisions and "make a statement on the record of the reasons for its determination." D.C.Code § 24–803.