The plaintiff William Gannon has moved to correct or vacate an underinsured motorist arbitration award dated May 23, 1994 and amended June 21, 1994. The defendant Government Employees Insurance Company ("GEICO") has moved to confirm the award. The cases were consolidated by order dated December 12, 1994. The two cases present exactly the same dispute between exactly the same parties and the court's memorandum will apply to each case.
FACTS
CT Page 393
On January 20, 1989, William Gannon was a passenger in a car driven by Mark Izzo in Meriden, Connecticut, when it was involved in a head-on collision with a vehicle driven by Scott Craig. The resulting accident resulted in multiple injuries and fatalities. William Gannon incurred $131,739.53 in medical bills and has an 80% permanent partial disability of his left leg and a 60% disability of his left hip. He incurred extensive medical problems and will need future treatment. The arbitration panel placed a reasonable value on his injuries of $1,750,000.00. This value is uncontested.
Gannon collected $176,000.00 in liability proceeds and then made two underinsurance claims. The first claim pertained to $600,000.00 in proceeds available from an Aetna Casualty and Surety policy, and the second pertained to a $200,000.00 underinsured policy available from the defendant GEICO.
The dispute between Gannon and Aetna was settled out of court and is not before this court. Gannon requested that the arbitration panel either award him the full $200,000.00 from GEICO or pro rate the credit against the $200,000.00 for the $176,000.00 in liability proceeds which had been received. The panel, relying on a plausible reading of the exact language of the policy, awarded GEICO a full credit for liability proceeds, notwithstanding Aetna's claim for the same, thus resulting in the net award of $24,000.00.
DISCUSSION
The issues presented in this case produced numerous and conflicting Superior Court decisions until the matter appeared to be resolved in the recent Appellate Court decision in AllstateInsurance Company v. Link, 35 Conn. App. 338 (1994). There are only two possible differences between Link and the instant case. First, in Link the two underinsured policies were issued by the same company, where in the instant case they were issued by different companies. Secondly, although in each case there is a claim that one policy is primary and one is excess, the factual basis for the argument appears to be somewhat different.
GEICO argues that it should be entitled to priority for the liability credit as it is the "primary carrier" and Aetna is secondary, citing Englehardt v. New Hampshire Insurance Group,36 Conn. Sup. 256 (1980). Such is not the case factually however. Both GEICO and Aetna were family policies and Gannon was not occupying a vehicle covered by either policy. In order to be "primary" it must be the policy of the vehicle occupied by an CT Page 394 individual (the "host" vehicle). A "secondary policy" is one in which the individual is the named insured.
As noted in the arbitration award, both GEICO and Aetna had "excess" other insurance clauses in their policy. An "excess" clause means that if there is other "similar" insurance coverage, that policy is only applicable to the excess over the primary policy. Because of this the arbitrators determined that GEICO had a right to the entire liability proceeds. However, the other insurance clause cited by the arbitrators is inappropriate here. There is no question that the amount of the loss ($1,750,000.00) exceeds the total coverage of the two policies ($800,000.00). Consequently there is no issue of excess coverage. The excess clause does not apply here.
Absence the guidance provided to the court by AllstateInsurance Company v. Link, the court would be faced with a very difficult choice between the contractual language of the policies, which would seem to require a double offset and the apparent purpose of underinsured motorist coverage. However, this court sees no reason that the fact that there were two separate uninsured policies should in any way distinguish this case from Link. TheLink court recognized the insignificance of one or two insurers in the following language:
 The fact that the policies held by Link were issued by the same insurance company should not dictate a different result. Link, at 348.
The Link court further held:
 Although these cases may stand for the proposition that a single claimant's award may be reduced by more than that claimant actually received, in no case has a claimant received a reduction of more than the total amount paid out by or on behalf of a tortfeasor. Link, at 347.
The court concluded:
 In Chmielewski v. Aetna Casualty and Surety Company, 218 Conn. 646 (1991), the insured filed claims for uninsured motorist CT Page 395 benefits under two separate insurance policies issued by separate insurance carriers. The arbitrators decided that the two insurance companies would share the tortfeasor's credit proportionately to their coverage. This decision was upheld by the trial court and was not disturbed on appeal. Similarly in Stephen v. Pennsylvania General Insurance Company, 224 Conn. 761, the parties agreed at arbitration that an award would be pro rated between the two insurance companies. This again was not disturbed on appeal. Link, at 348.
The court concludes that the clear holding in Link is that there should be a single reduction in the total amount of $176,000.00 against the $800,000.00 of uninsured motorist coverage which was available. Although the Link court quoted with approval situations in which the trial court pro rated the tortfeasor's policy between the uninsured carriers, there appears to be no clear higher court authority in Connecticut for whether the $176,000.00 should be pro rated or should simply be divided by the number of policies. Recognizing that the Link court did not rule on the precise issue, this trial court is inclined to follow the suggestion of the Link court that the recovery from the tortfeasor should be pro rated in the ratio of the uninsured motorist coverage. Accordingly, the court finds that given the Aetna policy of $600,000.00 and the GEICO policy of $200,000.00, the ratio between the uninsured policies is a ratio of 3 to 1, and therefore GEICO is entitled to an offset against its policy limits for one-third of the tortfeasor's policy. GEICO is entitled to an offset of $58,666.67. Relying on the Appellate Court decision in AllstateInsurance Company v. Link, the court corrects the award of the arbitrators to increase the award on the GEICO underinsured motorist policy from $24,000.00 to $141,333.33. In all other respects, the motion to confirm the award is granted. The motion to vacate the award is denied. CT Page 396