[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Aetna Life Casualty Co., has filed a motion to correct or modify an arbitration award which arose out of an uninsured motorist claim between the plaintiff and the married defendants, Margaret Pederson and Martin Weinberg. The defendants subsequently filed a motion to confirm the arbitration award. The facts as alleged in the plaintiff's motion to correct are as follows. On August 24, 1987, while a passenger in a taxi cab, the defendant Margaret Pederson was injured in a motor vehicle accident caused by the negligence of the driver. At the time of the accident Pederson was covered by two automobile insurance policies containing uninsured/underinsured provisions, one of which was issued by the plaintiff in the amount of $1,000,000, the other by the Government Employees Insurance Co. (GEICO) in the amount of $300,000. The defendants liability claim against the tortfeasor was settled for $100,000, the full amount available under the tortfeasor's insurance policy. As a result of the accident, Pederson also received $66,206.96 in workers' compensation benefits, of which she repaid $65,280.64 from the amount recovered from the tortfeasor. In accordance with the provisions of the insurance policies, the matter proceeded to arbitration and the arbitrators issued their decision on January 26, 1995. The arbitrators found that the defendants had sustained damages in the amount of $337,500; that the plaintiff and GEICO were entitled to a credit of the $100,000 payment of the CT Page 11165 tortfeasor; that the plaintiff and GEICO were only allowed a credit for the workers' compensation benefits which were not repaid, which totals $924.32; and, therefore, the defendants are entitled to a net award of $208,231.92, of which the plaintiff is to pay 77% and Geico 23%.
The plaintiff argues that the arbitrators erred in not awarding a full credit of $66,206.96 for workers' compensation benefits paid to the defendant. The defendants contend that such a credit would be a double reduction, which is not allowed under Connecticut law.
The plaintiff relies upon the limitation of liability contained in its policy which provides that "any amount payable under this insurance shall be reduced by . . . [a]ll sums paid or payable under any workers' compensation, disability benefits or similar law . . . ." This language is mirrored by Section38a-334-6(d) of the Regulations of Connecticut State Agencies which provides in pertinent part "that the policy may provide for the reduction of limits to the extent that damages have been . . . paid or are payable under any workers' compensation, or disability benefits law . . . ."
The plaintiff maintains that it is entitled to such a set-off under Wilson v. Security Insurance Co., 213 Conn. 532,569 A.2d 40 (1990), cert. denied, 498 U.S. 814, 111 S.Ct. 52,116 L.Ed. 658 (1991), which, in interpreting Section 38-175a-6(d) of the Regulations of State Agencies, the predecessor of § 38a-334-6(d), determined that "[i]f damages are paid pursuant to the workers' compensation law, the uninsured motorist coverage may be reduced accordingly. General Statutes § 38-175c contains no mandate that uninsured motorist coverage benefits may not be reduced." Id., 538. Nevertheless, Wilson does not address the issue of whether the coverage is subject to a set-off when the workers' compensation benefits have been repaid. For this proposition the plaintiff relies on Signorile v.National Fire Insurance, 3 Conn. L. Rptr. 294 (January 31, 1991) (Hodgson, J.), in which the court denied a motion to correct an arbitration award that deducted workers' compensation benefits that had been repaid. The court in Signorile, based its decision upon Wilson, and stated that "[t]he Supreme Court has clearly indicated its view that the scope of uninsured/underinsured motorist benefits is a creation of the precise words of the statutory scheme rather than a matter of equitable achievement of any particular overall level of CT Page 11166 compensation." Id., 295.
The defendants contend that Allstate Insurance Co. v.Link, 35 Conn. App. 338, 645 A.2d 1052 (1994), stands for the principle that the regulation is only meant to prevent a claimant from realizing a double recovery and is not meant to provide the insurance company with a double deduction. The issue presented in Link was whether, under § 38a-334-6(d), the credit permitted for tortfeasor payments could be applied to two insurance policies, thereby reducing the award by twice the amount of the tortfeasor's payment. The court determined that "[a]lthough . . . a single claimant's award may be reduced by more than that claimant actually received, in no case has a claimant received a reduction of more than the total amount paid out by or on behalf of a tortfeasor." Id., 347. While not directly applicable, the issue decided in Link is analogous to the one at hand. Furthermore, the same issue has been considered in two recent superior court decisions. InMonsees v. Cigna Property Casualty Insurance Co.,8 Conn. L. Rptr. 525, 531 (March 19, 1993) (Langenbach, J.), the court stated that "[t]he legislative intent of General Statutes § 38a-336 was simply to give an insured who is injured in an accident the same resource he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage . . . and our regulations prevent double recovery by providing for certain reductions, including payments received from workers' compensation. . . . Just as [the claimant] would be prevented from obtaining double recovery, it would also be inequitable to subject [the claimant] to a double reduction by permitting a set-off of an amount when [the claimant] has already reimbursed the amount." (Citations omitted; emphasis in original; internal quotation marks omitted.).
The court in Aviles v. Nationwide Mutual InsuranceCo., 14 Conn. L. Rptr. 368 (May 26, 1995) (Vertefeuille, J.), arrived at the same result, although it based its decision upon construction of the language of § 38a-334-6(d) rather than equitable principles. The court in Aviles determined that "[t]he Regulation provides for a reduction in the underinsured motorist coverage only `to the extent that damages have been . . . paid or are payable under any workers' compensation or disability benefits law . . .' The insurance policy must be interpreted to conform to the Regulation. The court finds that as of the date of trial, the plaintiff's damages CT Page 11167 have not `been paid' to the extent of $16,695.58 in workers' compensation benefits because the plaintiff repaid that amount to the workers' compensation carrier." Id., 370. The court further determined that this is the correct construction of the regulatory language in light of the principles that limitations on liability should be construed most strongly against the insurer, and that a court "should not interpret the regulation so as to defeat the remedial purpose of underinsured motorist coverage." Id., 370.
The plaintiff would have the court follow the holding ofSignorile; however, the holdings of Monsees
and Aviles are more persuasive on the grounds of both equitable principles, and statutory construction. Therefore, the court finds that the sum of $65,280.64 in worker's compensation benefits, received but repaid by the defendant, is not to be credited against the uninsured/underinsured motorist policies. The plaintiff's application to correct or modify the arbitration award is denied, and the defendants' application to confirm the arbitration award is granted.
The defendants also argue that the workers compensation credit should be apportioned, and that they should be awarded interest on the arbitration award. The defendant maintains that apportionment of the credit is supported by AllstateInsurance Co. v. Link, supra, 35 Conn. App. 348.
The court in Link reviewed cases regarding the apportionment of credits, and noted that credits have been shared proportionately to coverage, or the credit has been applied to the liability of the primary insurer, however, "in no case was each insurance company entitled to be credited with the entire sum paid . . . ." Id. Moreover, in Dunlop v. GovernmentEmployee's Insurance Co., 8 Conn. L. Rptr. 347, 350 (February 2, 1993) (Hodgson, J.) the court determined that "it is consonant with the provisions of regulations 38-175a-6(d) [the predecessor of § 38a-334-6(d)] to pro-rate the allowable deductions . . . between two insurers equally entitled to claim them."
Because the plaintiff has not argued that it is the primary insurance carrier, the $924.32 in workers' compensation payments not repaid is to be credited in the proportions noted in the arbitration award. CT Page 11168
Furthermore, as this is, as yet, an unsettled area of the law, the defendant's motion for interest on the arbitration award is denied.