[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO REMITTITUR
This underinsured motorist claim was tried to the jury. On CT Page 6733 May 28, 1999, the jury returned a verdict for the plaintiff Hugo Marchevsky of $11,592.67 in economic damages, and $120,000 in non-economic damages. The defendant Allstate Insurance Company, Inc. has now filed a Motion For Remittitur.
The plaintiff, objects to the defendant's motion for remittitur, dated June 3, 1999. The plaintiff agrees that the coverage available to him is limited by the policy to $100,000.00. Additionally, the plaintiff agrees that the defendant is entitled to reduce that coverage to the "extent that damages have been paid by or on behalf of any person responsible for the injury." Regulations of Connecticut State Agencies, § 38a-334-6 (d). Therefore, the jury's verdict may be reduced to $80,000.00. The plaintiff disagrees, however, with the defendant's contention that it is entitled to a reduction for past or future worker's compensation payments.
The defendant has cited Signorile v. National Union FireInsurance Co., WL 28805 (Conn.Super. 1991, Hodgson, J.) in support of its argument that it is entitled to a further reduction in coverage for worker's compensation benefits paid to Hugo Marchevsky. The defendant has failed, however, to advise the court of the other superior court cases that have disagreed with the holding in Signorile. See e.g., Aviles v. Nationwide MutualInsurance Co., 1995 WL 328333 (Conn.Super. 1996, Vertefeuille, J.) Monsees v. Cigna Property and Casualty Insurance Company, 1993 WL 88381 (Conn.Super. 1995, Levin, J.), New Hampshire Ins.Co. v. Masterson, 1995 WL 781402 (Conn.Super. 1995, Levin, J.). Those cases specifically reject the reasoning in Signorile, and hold, in accordance with both principles of equity and statutory construction, that the insurer cannot benefit from a "double reduction" for worker's compensation benefits that were repaid by the insured to the compensation carrier.
In Aviles v. Nationwide, Judge Vertefeuille relies on the "remedial purpose" of underinsured motorist coverage, as stated by the Supreme Court in American Universal Insurance v. Delgreco,205 Conn. 178, 197 (1987). The purpose of underinsured motorist coverage is to protect and make whole a person inured at the hands of an uninsured or underinsured motorist. The statutes have been construed as intended to allow the injured party to recover the same amount which he would have received if the tortfeasor had been insured to the same extent as the injured party.American Motorist Insurance Co. v. Gould, 213 Conn. 625, 631
(1990). The Court in Aviles rejected a mechanistic application of CT Page 6734 the regulations, and found that section (d)(2) of the regulation, which provides for a reduction "to the extent that damages havebeen paid under any worker's compensation . . . law" did not include amounts that had been repaid to the worker's compensation carrier. "To contend that an amount received but reimbursed by the claimant has been paid to him, for purposes of reducing his underinsured motorist benefits, simply is exalting form over substance." New Hampshire Ins. Co., supra.
The court in Monsees, supra, agreed with the reasoning inAviles. "Just as plaintiff would be prevented from obtaining double recovery, it also would be inequitable to subject plaintiff to a double reduction by permitting a set-off of an amount when plaintiff has already reimbursed the amount." Other courts, including the court in Aetna Life and Casualty Co. v.Pederson, 15 CLR 147 (1995, D'Andrea, J.) have found the "holdings of Monsees and Aviles more persuasive [than Signorile} on the grounds of both equitable principles and statutory construction. The . . . worker's compensation benefits, received but repaid . . . [are] not to be credited against the uninsured/underinsured motorist policies.
Although the defendant relies exclusively on the holding and reasoning in Signorile, the weight of authority, as well as principles of equity, statutory construction and logic, support the plaintiff's position. The defendant is not entitled to any reduction for worker's compensation benefits received by the plaintiff that were repaid from the settlement with the tortfeasor.
The defendant has relied on Rydingsword v. Liberty MutualInsurance Co., 224 Conn. 8 (1992) in support of its argument that it is entitled to a credit for unrealized compensation benefits. The Rydingsword case, however, is distinguishable. The court in Rydingsword was presented with findings from a panel of arbitrators and agreement on virtually all issues by the parties. "The parties stipulated that there was substantial evidence in the record to support the findings of certain basic facts by the arbitration panel: that the plaintiff had suffered his injuries while in the course of his employment; that the plaintiff had suffered a permanent partial 20 percent disability of the back; that the plaintiff was covered by a policy of worker's compensation insurance; that the injuries sustained by the plaintiff was covered by a policy of worker's compensation insurance; that the injuries sustained by the plaintiff were CT Page 6735 compensable under the terms of the worker's compensation policy; that his weekly compensation rate was $640.41; and that the computation of the present value [used by the arbitrators] was mathematically correct." Id. at 22. Compare that scenario to this case in which the jury never specifically stated whether they had found any permanent disabilities; the extent and causation of the plaintiff's injuries were hotly contested by the defendant; the plaintiff's chiropractor never assigned a disability to a specific body part, as required by the compensation statutes; the defendant's doctor assigned ratings, but was unable to give any opinions on causation; the compensation rate is yet undetermined, and there has been no computation to present value. Further, the court in Rydingsword acknowledged that it relied on the "value of the unrealized claim as determined in the arbitration forum, on the basis of substantial evidence." (Emphasis added.)
The court stated at page 20,
 The parties stipulated in the trial court that there was substantial evidence in the record to support the findings of certain basic facts by the arbitration panel: that the plaintiff had suffered his injuries while in the course of his employment; that the plaintiff had suffered a permanent partial 20 percent disability of the back; that the plaintiff was covered by a policy of workers' compensation insurance; that the injuries sustained by the plaintiff were compensable under the terms of the workers' compensation policy; that his weekly compensation rate was $640.41; and that the computation of the present value of the special indemnity was mathematically correct.[1]
In this case, there is no evidence to support a finding of the value of specific indemnity. While Dr. Caskey testified that the plaintiff had sustained a 25% disability of his whole body, such an opinion is not recognized in Workman's Compensation for awarding a specific indemnity. Likewise, Dr. Barnett gave minimal estimates of permanency but was unable to relate them specifically to the accident. The court pointed out, in a footnote, that "[a]nother case may involve fewer stipulations or less complete findings put on the record by arbitrators." Id. at footnote 13.
Since the Rydingsword case was decided, many superior courts have refused to give the insurer credit for future worker's compensation payments, in the face of insufficient evidence. See CT Page 6736 e.g., Allstate Ins. Co. v. Legendre, 1994 WL 389483 (Conn.Super. 194, Jones, J.); Allstate Ins. Co. v. Link, 1992 WL 369549 (Conn.Super. 1992).
For the reasons set forth above, the defendant is entitled to a credit of $20,000, representing the amount paid by the tortfeasor, but nothing more. Therefore, the jury's verdict is reduced to $80,000. As the plaintiff filed an offer of judgment for $80,000 on November 20, 1998, he is entitled to interest, at 12 percent, dating back to the date of the filing of the complaint, February 19, 1998. The court therefore enters judgment in the amount of $80,000, plus $13,223.42 for a total award to the plaintiff of $93,223.42 plus costs.
BY THE COURT
HON. WALTER M. PICKETT, JR. Judge Trial Referee