[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court are cross motions for summary judgment filed by the parties. The plaintiff, Rita Longo, brings this action against the defendant, Maryland Casualty Company, in order to recover uninsured/underinsured motorist benefits that are now available to the plaintiff.
The following facts are undisputed. On August 19, 1992, the plaintiff was injured in an automobile accident when the motor vehicle she was driving was hit by a motor vehicle owned and operated by Lillian Shapiro (the tortfeasor). At the time of the accident, the plaintiff was CT Page 2822 operating a motor vehicle owned by her employer, Herbert Leibovitz, and insured with the defendant. The employer's policy provided uninsured/underinsured motorist coverage in the amount of $250,000. The plaintiff also was insured under her husband's automobile insurance policy with USAA. That policy provided uninsured/underinsured motorist coverage in the amount of $200,000. The tortfeasor ultimately paid the plaintiff $100,000, thereby exhausting the limits of her liability. The plaintiff then filed a claim with her employer for uninsured/underinsured motorist benefits which was denied.[1] As a result, the plaintiff filed a claim with USAA, who paid the plaintiff $100,000, and subsequently obtained a credit in the amount of $100,000 — the amount of money the plaintiff received from the tortfeasor. In 1993, however, the legislature amended the general statutes to expressly allow an employee to recover uninsured/underinsured motorist benefits from his employer. Hence, the plaintiff instituted the present action.
Both the plaintiff and the defendant now move for summary judgment. The plaintiff moves for summary judgment, as to liability, on the ground that the defendant is not entitled to a credit for monies paid by or on behalf of the tortfeasor to the plaintiff because such a credit already has been taken. The defendant, on the other hand, moves for summary judgment on the ground that its policy is the primary insurance policy and, therefore, it is the one entitled to a credit under the law.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000).
The plaintiff argues that allowing a credit to be taken twice would serve to dilute the indemnification available to the plaintiff by $100,000, and, therefore, violates the public policy behind the uninsured/underinsured motorist coverage statutes. In response, the defendant argues that since the plaintiff was occupying a non-owned vehicle insured by the defendant when the accident occurred it is now and always has been the primary insurance carrier and, therefore, it is the one entitled to a credit under the law.
"[A]n insurance policy may provide for the reduction of limits [of underinsured motorist liability] to the extent that damages have been . . . paid by or on behalf of any person responsible for the injury." (Internal quotation marks omitted.) Allstate Insurance Co. v. Link,35 Conn. App. 338, 346, 645 A.2d 1052, cert. denied, 231 Conn. 924,648 A.2d 161 (1994). "[Thus] [t]he amount of damages paid by the tortfeasor may reduce the total amount of underinsured motorist benefits CT Page 2823 available to the claimant. It may not reduce the amounts paid out by each policy. To hold otherwise would mean that an award due an insured is reduced unfairly by twice the amount actually paid out by or on behalf of the tortfeasor and that an [insurance carrier] is entitled to double the tortfeasor's credit. . . . Such a result would be unfairly detrimental to the insured." Id., 348. This court agrees.
It is undisputed that the applicable insurance policy provides for a reduction of liability limits and that the defendant is the primary insurance carrier and, as such, ordinarily would be entitled to a credit or set-off for any payments made to the plaintiff by or on behalf of the tortfeasor. The problem is, however, that at the time of the accident in 1992, the plaintiff could not recover uninsured/underinsured motorist benefits from the defendant. CNA v. Coleman, 222 Conn. 769, 610 A.2d 1257
(1992). The plaintiff could, however, recover from her own insurance carrier and, in fact, did so. Because there were no other policies available to the plaintiff at the time, USAA became the primary insurance carrier by default and, therefore, took the appropriate and allowable credit. See Loika v. Aetna Casualty Surety Co., 39 Conn. App. 714,715, 667 A.2d 78 (1995), cert. denied, 236 Conn. 902,670 A.2d 322 (1996). To now allow the defendant to take a credit by virtue of the fact that the law regarding uninsured/underinsured motorist coverage has changed would not only be unfair, but detrimental to the plaintiff and his ability to recover for his injuries. Allstate Insurance Co. v. Link, supra, 35 Conn. App. 347.
Accordingly, the court concludes that the defendant is liable under the terms of its policy for any and all uninsured/underinsured motorist benefits, which may be available to the plaintiff, and not entitled to a credit for monies already paid to the plaintiff by or on behalf of the tortfeasor. The defendant is entitled, however, to a set-off for any and all worker's compensation benefits paid to the plaintiff.
For the foregoing reasons, the defendant's motion for summary judgment is denied and the plaintiff's motion for summary judgment, as to liability, is granted.
BY THE COURT
Skolnick, J.