ROBERT J. COVILLION *v.* NORTHERN INSURANCE COMPANY OF NEW YORK

NORTHERN INSURANCE COMPANY OF NEW YORK *v.* ROBERT J. COVILLION
(AC 25506)

Schaller, Dranginis and McLachlan, Js.

Submitted on briefs September 28—officially released November 8, 2005

_____

*Joseph A. La Bella* filed a brief for the appellant (defendant in the first case, plaintiff in the second case).

*William F. Gallagher, Hugh D. Hughes, Garrett M. Moore* and *Christopher J. Flood* filed a brief for appellee (plaintiff in the first case, defendant in the second case).

*Opinion*

PER CURIAM. Northern Insurance Company of New York (Northern), the defendant in the first case and the plaintiff in the second case, appeals from the judgment of the trial court denying its application to vacate an arbitration award in favor of Robert J. Covillion, the plaintiff in the first case and the defendant in the second case. Because Northern has failed to furnish an adequate record for review, we affirm the judgment of the trial court.

In early 1997, Covillion was employed by Extra Hand, Inc., to whom Northern had issued an automobile insurance policy. The policy included underinsured motorists coverage. On January 17, 1997, Covillion was injured during the course of his employment while operating a vehicle insured by Northern. Covillion filed a claim against the driver of the vehicle that struck him, whose insurer subsequently paid the limits of its liability policy. In accordance with the terms of the insurance policy of Extra Hand, Inc., Covillion filed an underinsured motorists claim with Northern, which was submitted to arbitration. Following two days of hearings before a panel of three arbitrators, Covillion was awarded $700,000.[1] Northern thereafter filed with the Superior Court an application to vacate the arbitration award. In its memorandum of decision, the court addressed each of Northern's claims and concluded, with respect to each, that the court lacked the requisite

---

[1] The award was determined by a majority of arbitrators. In a dissenting opinion, the third arbitrator stated that he would have awarded Covillion $200,000.

record to review the arbitrators' award. Accordingly, the court denied the application to vacate and instead confirmed the arbitration award.

Undeterred, Northern appealed to this court. The claims pursued by Northern all suffer from the same infirmity. In its application to vacate the arbitration award, Northern asked the trial court to vacate, to correct or to modify the award. Inexplicably, Northern did not provide the court with a record of the arbitration proceedings. Without that record, the court concluded that it could not determine whether Northern's arguments ever were presented to the arbitration panel.

We have explained that "[i]t is impossible and unrealistic to require the trial court to make any determination absent the record of the arbitration proceedings. Just as we require an appellant to provide an adequate record for this court to review the trial court upon appeal . . . the trial court must require the same. We cannot expect the trial court to have extrasensory powers not possessed by this court." (Citation omitted.) *Allstate Ins. Co.* v. *Link*, 35 Conn. App. 338, 344, 645 A.2d 1052, cert. denied, 231 Conn. 924, 648 A.2d 161 (1994). That requirement is consonant with the fundamental precept that it is the responsibility of the appellant to provide this court with an adequate record. Practice Book § 61-10. Without an adequate record, we are left to speculation and conjecture; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994); which, we recently observed, "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005).

In the present case, the trial court concluded that there was no evidence before it that Northern ever raised its claims before the arbitration panel. On the

basis of the record before us, we cannot conclude otherwise.

The judgment is affirmed.